[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13529

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAWRENCE TWEED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00064-PGB-DCI-1

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Lawrence Tweed is a federal prisoner serving a total of 90 months' imprisonment after pleading guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and receipt of child pornography, in violation of § 2252A(a)(2), (b)(1). He appeals the district court's denial of his motion for compassionate release. However, in his briefing on appeal, he does not address the district court's reasons for denying his motion for compassionate release. Instead, he argues for the first time on appeal that the district court erred in denying his motion for compassionate release because it overlooked that his convictions allegedly violate the Double Jeopardy Clause and that there was an *Alleyne*[1] violation at sentencing, which he contends constitute extraordinary and compelling circumstances. After review, we affirm.

In the district court, Tweed filed a *pro se* motion for compassionate release because his mother had passed away and he needed to care for his adult brother who is mentally incapacitated. He maintained that he was not a danger to the community and that

---

[1] *Alleyne v. United States*, 570 U.S. 99, 116 (2013) (holding that any facts that increase a mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt).

the 18 U.S.C. § 3553(a) sentencing factors supported his request. The government opposed the motion.

The district court denied Tweed's motion, concluding that Tweed failed to demonstrate extraordinary and compelling circumstances for a sentence reduction because care for one's sibling did not fall under any of the extraordinary and compelling circumstances set forth in Application Note 1 to U.S.S.G. § 1B1.13(A)–(D). Moreover, the district court found that the § 3553(a) factors did not support Tweed's request. Tweed, proceeding *pro se*, appealed.

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). Although *pro se* pleadings are to be liberally construed and held to a less stringent standard that counseled pleadings, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), "issues not briefed on appeal by a *pro se* litigant are deemed abandoned," *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).[2]

Under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are extraordinary and compelling reasons for doing so, (2) the factors listed in 18 U.S.C.

---

[2] Tweed abandons any challenge to the district court's determination that sibling care did not qualify as an extraordinary and compelling reason and that the § 3553(a) factors did not support his request by failing to brief those issues on appeal. *See Timson*, 518 F.3d at 874.

§ 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

The Sentencing Commission defines "extraordinary and compelling reasons" in Application Note 1 to U.S.S.G. § 1B1.13. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness" or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." *See* U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)). "[D]istrict courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13." *Bryant*, 996 F.3d at 1262.

On appeal, Tweed argues for the first time that compassionate release was warranted because his convictions allegedly violate the Double Jeopardy Clause and because there was an *Alleyne* violation at sentencing, which he contends constitute extraordinary and compelling circumstances under § 1B1.13's catch-all provision.[3] Tweed's argument fails because the alleged illegality of his conviction and his sentence is not a qualifying basis for compassionate release. *See* U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)). And contrary to Tweed's argument, the catchall provision in "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248. Accordingly, the district court did not err in denying Tweed's motion.

**AFFIRMED.**

---

[3] Issues not raised in the district court are reviewed only for plain error. *United States v. Hano*, 922 F.3d 1272, 1283 (11th Cir. 2019). "For there to be plain error, there must (1) be error, (2) that is plain, and (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Id.* (quotation omitted).